IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 12-08914 |
| | ) | |
| TILLIE PANIAGUA, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | Hearing Date:  August 31, 2016 |
| | ) | Hearing Time:  10:30 a.m. |
| | ) | Room No.:      742 |

**COVER SHEET FOR FIRST AND FINAL FEE APPLICATION
AND REIMBURSEMENT OF EXPENSES OF FRANKGECKER LLP**

Name of Applicant:  FrankGecker LLP

Authorized to Provide
Professional Services to:  Frances F. Gecker, Chapter 7 Trustee
of the Estate of TILLIE PANIAGUA

Period for Which
Compensation is Sought:  February 1, 2014 through June 30, 2016

Amount of Fees Sought:  $    4,680.50

Amount of Expense
Reimbursement Sought:  $    0.00

This is a:  First and Final Fee Application

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00.

{PANIAGUA/001/00046800.DOCX/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 12-08914 |
| | ) | |
| TILLIE PANIAGUA, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | Hearing Date:  August 31, 2016 |
| | ) | Hearing Time:  10:30 a.m. |
| | ) | Room No.:       742 |

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **August 31, 2016**, at **10:30 a.m.**, we shall appear before the Honorable Carol A. Doyle, or such other judge as may be sitting in her stead, in Courtroom 742 at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the attached **First and Final Application of Frances Gecker, Chapter 7 Trustee of the Bankruptcy Estate of TILLIE PANIAGUA for Compensation and Reimbursement of Expenses of Her Counsel, FrankGecker LLP**, a copy of which is attached hereto and hereby served upon you.

Dated:  July 28, 2016

Respectfully submitted,

FRANCES GECKER, not individually but as
Chapter 7 Trustee of the bankruptcy estate of
TILLIE PANIAGUA,

By:   /s/   *Reed Heiligman*
         One of Her Attorneys

Reed Heiligman (ARDC No. 6294312)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois  60654
Telephone:   (312) 276-1400
Facsimile:      (312) 276-0035
rheiligman@fgllp.com

{PANIAGUA/001/00046800.DOCX/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 12-08914 |
| | ) | |
| TILLIE PANIAGUA, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | |

**FIRST AND FINAL FEE APPLICATION OF
FRANCES GECKER, CHAPTER 7 TRUSTEE OF
THE BANKRUPTCY ESTATE OF TILLIE PANIAGUA FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF HER COUNSEL, FRANKGECKER LLP**

Frances Gecker, not individually, but as Chapter 7 trustee (the "Trustee") of the bankruptcy estate of Tillie Paniagua (the "Debtor"), hereby submits the first and final application (the "Application") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) seeking compensation totaling **$4,680.50** for legal services performed by FrankGecker LLP as counsel to the Trustee during the period of February 1, 2014 through and including June 30, 2016 (the "Application Period"). In support of the Application, the Trustee respectfully states as follows:

## INTRODUCTION

1. On March 7, 2012, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Case").

2. On April 27, 2012, a Section 341 meeting was held and the Trustee filed a no asset report on April 30, 2012.

3. On December 26, 2013, the Debtor filed her Motion to Reopen Bankruptcy [Docket No. 15] citing the Debtor's inadvertent failure to disclose a potential asset. The potential asset was

an undisclosed lawsuit in the Northern District of Illinois Court Case entitled <u>Tillie Paniagua v. Max 18, Inc. d/b/a Morgan's Bar and Grill, et al.</u>, Case No. 11 CV 03320 (the "Litigation").

4. In the Litigation, the Debtor alleged that she was demoted from a bartending position to a server position because she had filed a Complaint with the Equal Employment Opportunity Commission. The EEOC declined to pursue the Complaint.

5. On January 16, 2014, this Court entered an order granting the Debtor's Motion to Reopen Bankruptcy [Docket No. 20] and the Debtor filed her amended Statement of Financial Affairs and amended Schedules B and C to include the Litigation.

6. On January 23, 2014, Frances Gecker was re-appointed as chapter 7 trustee of the Debtor's estate [Docket No. 22].

7. On March 6, 2014, this Court entered an order approving the Trustee's Application to Employ Zane L. Zielinski and the law firm of FrankGecker LLP ("FG") retroactive to February 1, 2014 [Docket No. 24].

8. FG engaged in discussions with counsel for Max 18, Inc. d/b/a Morgan's Bar and Grill, et al. (the "Defendant") and after good faith negotiations, the parties agreed to enter into a settlement agreement resolving the Litigation (the "Settlement Agreement").

9. Pursuant to the Settlement Agreement, the Trustee released her claims against the Defendant, including those set forth in the Litigation, in exchange for the Defendant's payment of $10,000.00. On March 26, 2014, this Court entered an order approving the Settlement Agreement [Docket No. 29].

10. To aid the Court in its review of this Application, the Trustee has divided this Application into three parts. Part I describes the practical and legal issues encountered by the Trustee's counsel, and actions taken and results obtained by counsel. Part II describes the

qualifications and areas of expertise of the Trustee's attorneys. Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

I.  **SERVICES PERFORMED**

A.  **Administration**                                              $375.00

FG spent **1.80** hours at a cost of **$375.00** on general administrative issues. This category primarily includes time spent in extending the time in which to object to the Debtor's exemptions. This category also includes consultation with an accountant regarding tax issues in the case.

B.  **Adversary Proceeding**                                        $3,888.00

FG spent **13.60** hours at a cost of **$3,888.00** on issues in connection with the Litigation. FG reviewed the complaint filed in the Litigation and performed an analysis of the likelihood of prevailing in the Litigation. FG prepared a motion to approve settlement and appeared before this Court to obtain approval of the Settlement Agreement. FG also coordinated with the District Court in presenting an Agreed Order closing the Litigation.

C.  **Claims**                                                      $225.00

FG spent **0.60** hours at a cost of **$225.00** on reviewing claims and communicating with creditors regarding specific creditor claims issues.

D.  **Retention of Professionals/Fee Applications**                 $192.50

FG spent **1.10** hours at a cost of **$192.50** on drafting and filing of the Trustee's application to employ counsel.

II. **ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE**

A.  Reed Heiligman (RH) is an associate at FG. Mr. Heiligman is a graduate of The John Marshall Law School where he served as Managing Editor of The John Marshall Law Review. Mr. Heiligman regularly represents secured and unsecured creditors, creditors'

committees and bankruptcy trustees.

B.  Zane L. Zielinski (ZLZ) was an associate at FrankGecker LLP. Mr. Zielinski graduated from Chicago-Kent College of Law in 2002. Mr. Zielinski specializes in bankruptcy law, and has represented trustees, debtors and creditors in bankruptcy cases.

C.  Christina S. Smith (CSS) is a bankruptcy paralegal at FrankGecker LLP. Ms. Smith has worked as a paralegal specializing in bankruptcy for over fifteen years and has experience working on debtor, creditor and trustee representations. Ms. Smith assisted counsel in case research and case administration.

### III.  CALCULATION OF TIME AND FEES

This is the Trustee's first and final application for compensation and reimbursement of fees and expenses incurred by FG during the Application Period. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services directly related to the case and were rendered for the benefit of the Trustee and the Debtor's estate. No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this Case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

As set forth in the attached exhibits, FG's attorneys and paralegal have spent a total of **17.10** hours providing necessary legal services for the Trustee. As a result, they request compensation in the amount of **$4,680.50** for actual, necessary legal services performed (**Exhibit A**). The average hourly rate is **$273.71**. FG has voluntarily written off all expenses.

In preparing this fee application, the Trustee has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data used came directly from computer printouts of data which is kept by FG on each of its clients.

The hourly rates charged are the regular hourly rates charged by the firm to its clients. FG worked to avoid any duplication of effort, and in instances where more than one attorney billed for a project, there was either a need for multiple attorneys' involvement or the time of one of the attorneys was voluntarily written off.

To aid the Court in its review of this material, the Trustee has prepared a time exhibit presented in the attached **Exhibit A**. The time entries cover all work performed by FG regardless of whether it was office conferences, telephone conferences, research or some other type of work.

FG does not bill its clients or seek compensation in this Application for its overhead expenses, including word processing or secretarial overtime, instead, such expenses are factored into FG's normal and customary rate. These charges fairly compensate the firm's actual costs and do not result in undue revenue for the firm. Moreover, FG's non-bankruptcy clients routinely are billed and pay these types of expenses. *See In re Continental Securities Litigation*, 962 F.2d 566, 570 (7th Cir. 1992).

No compensation has been promised to FG, other than as disclosed or approved by this Court. FG certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee. Finally, FG represents that it is and remains a disinterested party and does not hold any relationship adverse to the estate.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

A.   Allowing FrankGecker LLP compensation for actual, necessary legal services in the amount of **$4,680.50**; and

  B. Authorizing the Trustee to pay FrankGecker LLP compensation reimbursement in the amount of **$4,680.50**.

Dated: July 28, 2016

Respectfully submitted,

FRANCES GECKER, not individually but as Chapter 7 Trustee of the bankruptcy estate of TILLIE PANIAGUA,

By: /s/ *Reed Heiligman*
   One of Her Attorneys

Reed Heiligman (ARDC No. 6294312)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Telephone: (312) 276-1400
Facsimile: (312) 276-0035
rheiligman@fgllp.com